NOT FOR PUBLICATION                                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASMIN CHATT, | : |
| | : Civil Action No. 06-4326(SDW) |
| Plaintiff, | : |
| v. | : |
| | : **OPINION** |
| HON. MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : |
| | : July 28, 2008 |
| Defendant. | : |

**WIGENTON, District Judge**

Before the Court is an appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), filed by plaintiff Yasmin Chatt ("Plaintiff") requesting that this Court reverse the decision of the Commissioner or in the alternative, remand these claims to the Commissioner for reconsideration in light of alleged deficiencies in the hearing before Administrative Law Judge Richard Desteno (the "ALJ"). The ALJ denied Plaintiff's claim for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(c).

The Court decides this matter upon review of the record provided and the papers submitted by the parties, without oral argument, pursuant to Federal Rules of Civil Procedure 78.

1

For the reasons discussed below, the Court finds certain deficiencies in the record, and will remand the November 17, 2005 ALJ Decision ("ALJ's Decision") for further review.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), as there has been a final decision by the Commissioner and Plaintiff resides in the State of New Jersey.

**BACKGROUND**

Plaintiff claims to have the following medical issues: she is HIV positive, has right knee pain, lower back and hip pain, thyroidism (Grave's Disease), and depression.[1] (Transcript of Hearing, Nov. 1, 2005 ("Transcript") at 9.) Plaintiff filed for SSI benefits on August 22, 2003, and is alleging disability as of June 28, 2001. (Admin. Record, Ex. 2D at 1.) Plaintiff's application for SSI was initially denied on April 26, 2004 and denied on reconsideration on August 26, 2004. (Admin. Record, Ex. 1B at 1; Ex. 5B at 1.) Consequently, Plaintiff requested a hearing, which was held on November 1, 2005, before the ALJ. The ALJ issued an unfavorable decision regarding Plaintiff's application on November 17, 2005. (Admin. Record, Notice of Decision at 1.) Plaintiff sought a review by the Appeals Council, and on July 12, 2006 the Appeals Council determined that there were no grounds for review. (Admin. Record, Notice of Appeals Council Action at 1.) Plaintiff timely filed this action requesting review and reversal or remand of the ALJ's Decision. (Pl.'s Br. at 1.)

---

[1] Plaintiff also indicated side effects including chronic diarrhea. (Transcript at 25, 31.)

2

**LEGAL STANDARD**

Standard of Review

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981). Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider the following: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v.*

3

*Harris*, 508 F. Supp. 791, 793 (D.N.J. 1981) (citations omitted). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Standard For Determining Eligibility of Disability Benefits

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual is only considered to be disabled if the "impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added). The ALJ must demonstrate the relevant evidence used to deny a claimant's disability benefit is such that a "reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401 (citing *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)) .

4

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process.  *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007).  First, if the claimant is currently engaged in substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(I).  Second, if the claimant does not suffer from a "severe" impairment, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(ii).  Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically eligible for benefits.  20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d).  However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step.  20 C.F.R. § 404.1520(e).  In step four, if the Commissioner finds that claimant retains the "residual functional capacity" ("RFC") to perform his past relevant work, he is not eligible for disability benefits.  20 C.F.R. § 404.1520(a)(4)(iv).  Fifth, and finally, if the claimant, given his medical impairments, age, education, past work experience, and residual functional capacity, can perform other work that exists in significant numbers in the national economy, he is not disabled and is not entitled to benefits.  20 C.F. R. § 404.1520(a)(4)(v).  The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that he is unable to perform his former job, the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform."  *Kangas*, 823 F.2d at 777 (citation omitted).

**DISCUSSION**

Plaintiff asserts entitlement to benefits due to disability pursuant to Title XVI of the Act as provided for in 42 U.S.C. §§ 423, 1383. (Pl.'s Br. at 2.)  The central issue before this Court is

5

whether there is substantial evidence to support the Commissioner's decision that Plaintiff was not "disabled," as defined by the statute. Plaintiff asserts that "substantial evidence exists in the administrative record to support a finding of disability" and that there are numerous deficiencies in the ALJ's Decision. (Pl.'s Br. at 1.) Alternatively, Plaintiff argues that the Commissioner's final decision is not based on substantial evidence in the record and requests that this Court remand and order a new hearing. (Pl.'s Br. at 12.) As discussed below, the Court finds the ALJ did support certain components of his assessment, but will remand this matter for further review and utilization of a vocational expert.

In this instance, the ALJ found that Plaintiff met the requirements of the first two steps in this analysis. (ALJ's Decision at 1, 2.) At step three, the ALJ determined that Plaintiff's impairments did not meet the required severity in the Listing of Impairments. (ALJ's Decision at 2.) Plaintiff's HIV infection was being controlled well with medication.[2] (Admin. Record Ex. 1F at 17.) Furthermore, Plaintiff's Graves' Disease had improved with treatment. (Admin. Record Ex. 1F at 3.) Therefore, the disability analysis proceeded to step four. (Admin. Record Ex. 1F at 2.) At step four, the ALJ found that Plaintiff does not have the RFC to return to her past work. Plaintiff has not held any job for more than a few months, but she could perform light work. (Transcript at 6.) Previously, Plaintiff worked several short-term jobs including at a ski resort, a mailing services company, a Dunkin Donuts, a Sniffy's Restaurant, and a Pathmark. (Transcript at 6-9.) Since there was no relevant work in the past fifteen years, the ALJ's analysis proceeded to the next step. At step five, the ALJ found that jobs existed in the national economy

---

[2] The ALJ specifically noted in his decision that, "outpatient clinic records submitted by treating sources do not reveal the presence of any HIV-related opportunistic diseases." (ALJ's Decision at 3.)

6

that Plaintiff could perform considering her RFC to perform light work, her age and education. (ALJ's Decision at 6.) Plaintiff has a two-year college degree in "human and social science, alcohol and substance abuse counseling," which she received in June of 2005. (Transcript at 5, 6.)

<u>Whether the ALJ Used Substantial Evidence to Determine that Plaintiff was not Disabled</u>

The ALJ, at step four, determined Plaintiff's RFC to perform light work,[3] but Plaintiff did not have any past relevant work experience. (ALJ's Decision at 6.) In determining whether Plaintiff is disabled, the ALJ must use all relevant evidence in the case record to assess the claimant's RFC. *Burns v. Barnhart*, 312 F.3d 113, 129 (3d 2002)*; Cotter*, 642 F.2d at 704; *see also* 20 C.F.R. § 404.1545(a). The Commissioner must determine the claimant's RFC and the claimant's ability to perform past work at step four of the disability evaluation. *See* 20 C.F.R. § 404.1520 (iv). The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments." *Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir. 1999); *see also* 20 C.F.R. § 404.1545(a). The ALJ must evaluate the intensity and persistence of any pains that will affect the individual's ability to work in order to assure that the validity of such allegations are supported by objective medical evidence. *Hartranft*, 181 F.3d at 362; *see* 20 C.F.R. § 404.1529(a). The ALJ's Decision must include proper reasoning to demonstrate that

---

[3] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.* If a claimant is found to have the RFC to perform light work, then usually the claimant has the capacity to perform sedentary work, unless there are additional limiting factors. *Id.*

7

claimant's nonexertional limitations are not credible. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981).

In this instance, the ALJ concluded that "the [Plaintiff] has not had any significant non-exertional limitations." (ALJ's Decision at 5.) The ALJ addressed Plaintiff's subjective complaints by examining the medical exhibits and concluded that Plaintiff was still able to perform light work. (ALJ's Decision at 5.)

The ALJ noted that Plaintiff needed potent pain killers, but that "'the use of analgesic pain medication is only one factor in the multi-factorial analysis of the credibility of a claimant's subjective complaints of pain, which cannot override or supplant the absence of functionally limiting symptoms, clinical signs or diagnostic test results'" (ALJ's Decision at 5 (citing Social Security Ruling 96-7p.)) The ALJ determined that while Plaintiff did require the use of pain killers, it did not warrant a finding of disability or prevent Plaintiff from engaging in light work, when considered with the other evidence of record.[4] (ALJ's Decision at 5.)

Plaintiff asserts that the ALJ failed to adequately support his findings regarding the Plaintiff's nonexertional limitations and failed to proffer evidence that contradicts a finding that Plaintiff suffers from moderate psychological impairments. (Pl.'s Br. at 17-18.) However, in addressing Plaintiff's nonexertional limitations, the ALJ cited to Dr. Donald Moorehead's ("Dr. Moorehead") evaluation from March 25, 2004. Specifically, the ALJ noted that Dr. Moorehead diagnosed Plaintiff as being depressed and having an adjustment disorder, but also noted that Plaintiff did have, "appropriate eye contact; fluent speech; coherent thoughts; clear sensorium;

---

[4] Notably, Plaintiff stated that surgery was not encouraged to alleviate her knee and pain issues due to her risk of infection. (Transcript at 17-18.)

8

intact attention span, concentration and memory; and fair insight and judgment." (ALJ's Decision at 5-6.) Furthermore, the ALJ discussed the Plaintiff's Global Assessment of Function, DSM-IV, 4th Edition ("GAF") score of 75. The ALJ noted that such a score is "consistent with only transient psychiatric symptoms and no more than slight impairment in social and occupational functioning." (ALJ's Decision at 6.)

Plaintiff also alleges deficiencies regarding the ALJ's finding that Plaintiff is capable of light work. (Pl.'s Br. at 14.) Specifically, Plaintiff claims the ALJ did not give significant weight to the assessment by Dr. David Tiersten ("Dr. Tiersten") that Plaintiff has a severe knee impairment that would prevent her from engaging in light work. (ALJ's Decision at 5.) The ALJ stated that he was not according significant weight to that portion of Dr. Tiersten's report because it was contradicted by other reports and medical diagnoses. (ALJ's Decision at 6.) Dr. Tiersten's finding that Plaintiff cannot engage in light work because she cannot stand for long periods of time seems to be contradicted by other findings in Dr. Tiersten's own report. (Admin. Record, Ex. 2F.) Specifically, the ALJ alludes to Dr. Tiersten's findings that Plaintiff,

> had a normal gait . . . . was able to walk on her heels and toes . . . . was able to squat fully without any difficulty . . . . exhibited normal and good overall mobility . . . . had a full range of motion of the lower extremities (knees, ankles) bilaterally . . . . strength was normal (5/5) in both lower extremities with no evidence of muscle atrophy.

(Admin. Record, Ex. 2F at 3.)

The ALJ later rejected the conclusion that Plaintiff could not engage in light work due to her knee condition because it was not supported by objective evidence in the record. (ALJ's Decision at 5.) The ALJ did not give Plaintiff official notice or use a vocational expert, but

rather dismissed Plaintiff's subjective complaints as not credible and decided that her nonexertional impairments were not severe. However, given the combination of exertional and nonexertional impairments the ALJ should have obtained additional vocational evidence and used a vocational expert.

Whether ALJ's Evaluation at Step Five was Sufficient

At step five of the sequential process to determine disability, Plaintiff alleges that a vocational expert should have been consulted by the ALJ before making the determination that Plaintiff was not disabled. (Pl.'s Br. at 25.) The regulations detail the burden that must be satisfied,

> the Secretary must be able somehow to demonstrate that an individual with certain characteristics who claims to be disabled in fact is capable of performing certain tasks. The Secretary must persuade an ALJ–and ultimately, in most cases, a court–that jobs exist in the national economy that the claimant is able to fill. One possible method of satisfying this burden, of course, might be to introduce testimony from a vocational expert as to which, if any, positions can be performed by a person possessing the applicant's particular skills

*Santise v. Schweiker*, 676 F.2d 925, 935 (3d Cir. 1982). Although a vocational expert is one way to satisfy that burden, it is not the exclusive means by which the burden can be satisfied. *Id.* A vocational expert or an applicable Social Security Ruling ("SSR") is required when there are non-exertional limitations under consideration. *Sykes v. Apfel*, 228 F.3d 259 (3d Cir. 2000). However, where the ALJ finds that the claimant has not had any significant nonexertional limitation, the issue becomes whether this finding is supported by substantial evidence. *Caruso v. Comm'r of Social Security*, 99 Fed. Appx. 376, 382. (3d Cir. 2004).

If there is not sufficient support in the record for a finding of a mental or nonexertional limitation, or if there are contradictory medical reports in the record, it is not conclusive that a nonexertional limitation exists merely because it is alleged. *LaCorte v. Bowen*, 678 F. Supp. 80, 84 (D.N.J. 1988). Furthermore, "although there is conflicting evidence on this issue, it is within the ALJ's discretion to weigh the medical assessments and to resolve the conflict accordingly." *LaCorte v. Bowen*, 678 F. Supp. at 84 (citing *Richardson v. Perales*, 402 U.S. 389, 399).

In the present case, the ALJ concluded that no severe nonexertional limitations existed. (ALJ's Decision at 5.) The ALJ referenced SSR 96-7p when discussing Plaintiff's subjective complaints of pain. (ALJ's Decision at 5.) The ALJ also referenced medical reports, which indicated that Plaintiff does not suffer from a severe nonexertional limitation as set forth in Section 12.04A1 of the Listing of Impairments. (ALJ's Decision at 5.) The ALJ concluded, "the clamant [sic] has not had any significant non-exertional limitations. The evidence fails to establish a mental impairment that has had any greater than a slight or minimal effect on her ability to perform basic, mental work-related activities, and, thus it is 'not severe' in nature." (ALJ's Decision at 5.) The ALJ went on to reference two different psychological examinations, which stated that the claimant was alert and oriented, possessed adequate concentration, attention span, memory, and recall, and referenced Plaintiff's GAF score of 75. (ALJ's Decision at 5, 6.) The ALJ determined that, based on the record, no significant nonexertional limitation regarding a mental impairment was present. (ALJ's Decision at 5.) However, the ALJ did not seek additional vocational evidence. This Court finds that due to the combination of Plaintiff's exertional and non-exertional limitations, the ALJ should have included additional vocational

evidence, such as a vocational expert.  Due to Plaintiff's combination of exertional and non-exertional limitations, the ALJ's reliance on the grids alone was not sufficient.

Whether the ALJ Erred By Not Adequately Addressing Plaintiff's Obesity

Plaintiff contends that the ALJ failed to consider her obesity in accordance with the Commissioner's rulings.  (Pl.'s Br. at 34.)   However, at the beginning of the ALJ's Decision it is noted that there was no specific medical listing for obesity, but that the ALJ did evaluate the impairment in accordance with the guidelines and specifically referred to SSR 02-1p.  (ALJ's Decision at 2.)  The ALJ noted that SSR 02-1p states "we will not make assumptions about the severity or functional effects of obesity combined with other impairments.  Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."  (ALJ's Decision at 2.)

In addition to evaluating Plaintiff's impairments under the SSR 02-1p guidelines, the ALJ also referenced Listing Sections 1.00Q, 3.00I, 4.00F, and the record as a whole.  *Id.; see Sassone v. Comm'r of Social Security*, 165 Fed. Appx. 954, 958 (finding that where the ALJ relied on medical evidence from plaintiff's doctors, who were aware of her obesity, but the medical reports fail to mention obesity as contributing to any limitation, the ALJ's subsequent adoption of the doctors' conclusions constitutes a satisfactory consideration of that condition) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005)).  The ALJ cited to Dr. Tiersten's report as well as other medical evidence in the record and determined that Plaintiff had normal gait, used no assistive device to ambulate, could toe-heel walk, exhibited normal and good overall mobility, had full ranges of extremity and trunk motion, and had no neurological deficits.  (ALJ's Decision

at 3; Admin. Record at 170-71.)  The ALJ stated that Dr. Tiersten's findings in this regard were consistent with the medical records of St. Michael's Medical Center.  (ALJ's Decision at 3; Admin. Record at 120-26, 128-30, 132-36, 216-17, 228, 241.)

The ALJ referred to Listing Section 1.00Q, which requires an analysis of any ailments caused by obesity; however, the ALJ found that no evidence existed to demonstrate any ailments that may have been exacerbated or aggravated by Plaintiff's obesity.  (ALJ's Decision at 4.)  The ALJ also noted that no treating physician established any causal relationship between Plaintiff's Graves' disease, back impairment, or HIV infection, and her obesity.  (ALJ's Decision at 4.)  Finally, while the ALJ did acknowledge that obesity may have contributed to lower back pain when addressing the credibility of Plaintiff's subjective complaints, the ALJ still determined that Plaintiff was only capable of performing light work.  (ALJ's Decision at 2-3, 5.)  Therefore, Plaintiff's claim that the ALJ failed to consider her obesity is not substantiated.

However, given Plaintiff's combination of exertional and nonexertional impairments the ALJ should have supported his decision with additional vocational evidence and used a vocational expert.

**CONCLUSION**

As there is not substantial evidence in the record to support the ALJ's findings and additional vocational evidence is necessary, this matter will be **REMANDED**.

                  s/Susan D. Wigenton, U.S.D.J.

cc: Judge Madeline Cox Arleo, U.S.M.J.